## No. 234
### KAPLAN v. CLEVELAND (City)
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5313. Decided Nov. 17, 1924.

**901. PAWNBROKERS—City ordinance held not to apply to pawnbrokers, where goods are bought without knowledge of character of seller.**

SULLIVAN, J.

### Epitomized Opinion.
Published only in Ohio Law Abstract

Samuel Kaplan operated a licensed pawn shop in Cleveland, and it was alleged by the city that Kaplan violated Sec. 2408 of the city ordinances because of receiving in pawn, goods from a person "known to be a notorious thief or convicted of larceny or burglary." The municipal court rendered judgment in favor of the city, convicting Kaplan.of said alleged violation.

On prosecution of error, Kaplan claimed that said ordinance was unconstitutional, discriminating against pawnbrokers in their business relations with persons who may be under the ban of the criminal law.

The Court of Appeals did not pass upon the constitutionality of the ordinance, but reversed the judgment of the municipal court on the ground that the city utterly failed to charge that Kaplan knew the seller of the property was a notorious thief. It was necessary, as a matter of law to make the affidavit correspond with the ordinance, and to require that the evidence correspond not only to the affidavit but to the ordinance itself.

**Attorneys**—Morris Singer and John A. Cline for Kaplan; J. F. Smith for City; all of Cleveland.

## No. 235
### FERRANTO v. STATE
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5292. Decided Dec. 1, 1924.

**333. CRIMINAL LAW—Change of plea from not guilty to guilty, warrants the re-introduction of evidence of mitigating circumstances.**

VICKERY, J.

### Epitomized Opinion.
Published only in Ohio Law Abstract

Ferranto was indicted for murder in the first degree and he plead "not guilty" in the Cuyahoga Common Pleas. During the course of the trial he claimed that he expected an alienist to testify as to his sanity. The trial court refused to wait until the witness arrived. At this time, Ferranto changed his plea to guilty. The trial judge then sent out the jury and Ferranto in open court, changed his plea. The court found him guilty of first degree murder without recommending mercy. On prosecution of error the Court of Appeals held:

1. The trial court erred in not waiting for the alienist witness.

2. It erred by passing sentence on Ferranto after all the evidence had been in. It would have been more seemly to have refused the new plea or granted a new trial thereon.

3. No opportunity was given Ferranto's lawyer to argue the case on mitigating circumstances.

Because such exercise of authority was a gross abuse of discretion the judgment of the Common Pleas will be reversed, and the case remanded for a new trial.

**Attorneys**—G. D. Postello for Ferranto; E. C. Stanton for State; all of Cleveland.

## No. 236
### SWISHER et v. STATE
Ohio Appeals, 2nd Dist., Montgomery Co.

No. 615. Decided Feb. 4, 1925.

**456. EMBEZZLEMENT—Use of deposits on building contracts, by applying them on debts of Realty Company, held to be.**

ALLREAD, J.

### Epitomized Opinion.
Published only in Ohio Law Abstract

The Swishers, plaintiffs herein, were indicted in Montgomery County for embezzlement of property fixed at $9541.50; alleged as being the personal property of the Swisher Realty Company. The Swishers were officers in the Company, and conceived the idea of building a number of houses of various owners at certain prices stated in written contracts between the Realty Co., and the owners of the buildings. Each owner was required to deposit 10% of the contract price, and it was out of these funds that the embezzlement was committed. One, Caldwell, who contracted to build the buildings in question testified, that he received practically none of these deposits. Swishers sought to justify the use of the money upon the theory that it was used to defray the obligations of the Realty Co. to them. The Montgomery Common Pleas rendered judgment in favor of the State.

On prosecution of error, the Court of Appeals, held:

Under the building contracts, it is clear that the deposits were to be used only for those purposes therein mentioned and could not be used for indebtedness of the Realty Co. to Swishers.

Evidence of State tended to prove that in a majority of cases, very little work had been done on the buildings, therefore proving a case of embezzlements against the plaintiffs.

Judgment of Common Pleas affirmed.

**Attorneys**—Herbert E Kreitzer, Fredrick W. Howell, for Swisher; Albert H. Scharrer, Paul J. Wortman for State; all of Dayton.